UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

TYLER SOL,

        Plaintiff,

v.

DEPARMENT OF CORRECTIONS;
SNAKE RIVER CORRECTIONAL
INSTITUTION; J. LANDE; J. OLIVE;
J. PARAL,

        Defendants.

Case No. 2:16-cv-00822-AA

ORDER

AIKEN, District Judge:

Plaintiff, an inmate at Two Rivers Correctional Institution, filed this action pursuant to 42 U.S.C. § 1983 alleging violations of his civil rights. Defendants now move for partial summary judgment on plaintiff's claims. For the reasons set forth below, defendants' motion is granted.

DISCUSSION

In Claim I of his complaint, plaintiff alleges the use of excessive force.[1] In Claim II, he alleges interference with his ability to send mail and the imposition of excessive fees for faxes

---

[1] In Claim I, plaintiff specifically alleges violations of criminal statutes and the Americans With Disabilities Act (ADA). However, plaintiff has no private right of action under federal criminal statutes and no authority to enforce them. Further, the substance of Claim I alleges the use of excessive force and not the denial of, or exclusion from, correctional services,

1 -   OPINION AND ORDER

and misconduct reports. (ECF No. 1) Defendants move for partial summary judgment on grounds that: 1) plaintiff's failure to exhaust administrative remedies bars judicial review of Claim II; 2) the Eleventh Amendment bars suit against the Oregon Department of Corrections (ODOC), Snake River Correctional Institution (SRCI), and individual defendants in their official capacities; and 3) plaintiff's failure to allege personal participation by defendant Jamie Parks requires dismissal of claims against him.[2] To prevail on their motion, defendants must show that there is no genuine dispute as to any material fact and they are entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

A. Exhaustion of Remedies

Under the Prison Litigation Reform Act (PLRA), inmates must exhaust all available administrative remedies before filing a court action to redress prison conditions or incidents. 42 U.S.C § 1997e(a). The exhaustion requirement is mandatory and requires compliance with both procedural and substantive elements of the prison grievance process. *Woodford v. Ngo*, 548 U.S. 81, 85, 90 (2006). Specifically, inmates must complete the administrative review process and comply with all applicable procedural rules, including deadlines, by appealing a grievance decision to the highest level before filing suit. *Id.* at 88; *Marella v. Terhune*, 568 F.3d 1024, 1027 (9th Cir. 2009) (per curiam); *McKinney v. Carey*, 311 F.3d 1198, 1199-1200 (9th Cir. 2002) (per curiam). However, the PLRA does not require exhaustion when administrative remedies are "effectively unavailable." *Sapp v. Kimbrell*, 623 F.3d 813, 822 (9th Cir. 2010); *see also Marella*, 568 F.3d at 1027 (administrative remedies may be effectively unavailable where the prisoner lacks the necessary forms or is informed that he cannot file a grievance).

---

programs, or activities due to a disability. 42 U.S.C. § 12132. Accordingly, Claim I is construed as a claim for excessive force under 42 U.S.C. § 1983.

[2] Defendants identify defendant J. Paral as Jamie Parks, and the court likewise refers to defendant Parks.

2 -     OPINION AND ORDER

ODOC has a three-level grievance and appeal process to address inmate complaints. Inmates may file grievances for numerous issues, including "misapplication of any administrative directive or operational procedure," "unprofessional behavior or action which may be directed toward an inmate by an employee or volunteer," or an "oversight or error affecting an inmate." Or. Admin. R. § 291-109-0140(2)(a),(c),(d). Unless the matter is an emergency, the inmate must file a grievance form within 30 working days of the alleged condition or incident. *Id.* § 291-109-0150(2). A grievance that is returned to the inmate on procedural grounds may not be appealed. Instead, the inmate may resubmit the grievance within 14 days if the procedural errors can be corrected. *Id.* § 291-109-0160(5). An inmate may appeal the initial grievance response by filing a first-level appeal within 14 calendar days from the date the denial was sent to the inmate. *Id.* § 291-109-0170(1)(b). If the first-level appeal is denied, the inmate may file a second-level appeal within 14 days of the date the first-level denial was sent to the inmate. *Id.* § 291-109-0170(2)(c). As with initial grievances, appeals that are returned to the inmate for procedural reasons may not be appealed further but may be resubmitted after correction of the procedural errors. *Id.* § 291-109-0170(1)(c),(2)(d). A decision following a second-level appeal is final and not subject to further review. *Id.* § 291-109-0170(f).

Here, plaintiff filed six complaints and grievances arguably related to Claim II during the relevant two-year limitations period. *See* Defs.' Mot. at 7-11 (ECF No. 28); Taylor Decl. at 4-6 & Att. 5-7, 9-10, 12 (ECF No. 30); *see also Sain v. City of Bend*, 309 F.3d 1134, 1139 (9th Cir. 2002) (two-year statute of limitations applies to § 1983 claims brought in Oregon). Plaintiff did not proceed to a second-level appeal or exhaust the administrative process with respect to any of these complaints or grievances.

For example, on June 17, 2014, plaintiff filed grievance SRCI.2014.05.177 and complained that his outgoing mail had been stopped. Taylor Decl. Att. 5 at 2. On June 19, 2014, Grievance Coordinator Taylor denied the grievance and returned it to plaintiff for corrections. *Id.* Att. 5 at 1. Plaintiff did not resubmit the grievance.

On June 24, 2014, plaintiff filed grievance SRCI.2014.06.110 and again stated that ODOC had stopped his outgoing mail. *Id.* Att. 6 at 4. Taylor denied the grievance and returned it to plaintiff for corrections. *Id.* Att. 6 at 3. On February 12, 2015, plaintiff appealed the denial of his grievance. Taylor denied the appeal because it was filed beyond the 14 days allowed for an appeal. *Id.* Att. 6 at 1-2.

On July 1, 2014, plaintiff filed grievance SRCI.2014.07.002 and complained that he had received $20.00 on his inmate trust account and half of the monies were directed towards his debt. Taylor Decl. Att. 7 at 2. Taylor denied the grievance, and plaintiff did not appeal the denial or resubmit the grievance with corrections. *Id.* Att. 7 at 1.

On January 4, 2016, plaintiff filed discrimination complaint SRCI.2016.01.009 and asserted that stamps had been removed from his incoming mail. *Id.* Att. 9 at 2. On January 4, 2016, his complaint was denied because stamps are removed from all incoming mail. *Id.* Att. 9 at 1. Plaintiff did not resubmit his complaint or seek review of the denial.

On January 19, 2016, plaintiff filed discrimination complaint SRCI.2016.01.212 and stated that a correctional officer refused to pick up plaintiff's outgoing mail because of his mental impairments. Taylor Decl. Att. 10 at 2. Taylor denied that complaint, and plaintiff did not resubmit the complaint or seek review its denial. *Id.* Att. 10 at 1.

Finally, on February 22, 2016, plaintiff filed grievance SRCI.2016.02.171 and complained that ODOC was holding his outgoing mail. *Id.* Att. 12 at 2. Taylor denied the

grievance as untimely, and plaintiff did not resubmit the grievance with corrections or appeal its denial. *Id.* Att. 12 at 1.

In sum, plaintiff did not complete the appeal process with respect to any of his grievances or complaints about his mail and did not exhaust his administrative remedies. Further, plaintiff fails to show that the grievance process was unavailable to him, particularly when he availed himself of the process on numerous occasions. Accordingly, summary judgment is granted on Claim II.

B. <u>Eleventh Amendment Immunity</u>

The Eleventh Amendment to the United States Constitution prohibits a plaintiff from suing the State of Oregon or its instrumentalities in federal court, unless the State has given unequivocal consent to be sued or Congress has abrogated that immunity. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66 (1989); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 97-100 (1984); *Franceschi v. Schwartz*, 57 F.3d 828, 831 (9th Cir. 1995) ("The Eleventh Amendment bars suits which seek either damages or injunctive relief against a state, an 'arm of the state,' its instrumentalities, or its agencies.") (per curiam). ODOC and SRCI are instrumentalities of the State and plaintiff cannot bring suit against them in federal court.

Similarly, the Eleventh Amendment bars claims for damages against state officials sued in their official capacities. *See Will*, 491 U.S. at 71 ("[A] suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office. As such, it is no different from a suit against the State itself.") (citation omitted); *Holley v. Cal. Dep't of Corr.*, 599 F.3d 1108, 1111 (9th Cir. 2010) (for immunity purposes, suits against state officials in their official capacities are treated as suits against the state). Accordingly, plaintiff's

claims against the individual defendants in their official capacities are claims brought against the State and are likewise barred by the Eleventh Amendment.

C. Personal Participation

Liability under § 1983 arises upon a showing of personal participation by each defendant, and a supervisor is not liable for the constitutional violations of employees unless the supervisor "participated in or directed the violations, or knew of the violations and failed to act to prevent them." *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Consequently, plaintiff must allege that each named defendant, through his or her own individual actions, violated plaintiff's constitutional rights.

Plaintiff fails to allege any action taken by defendant Parks in violation of his constitutional rights. Rather, plaintiff merely alleges that defendants Olive and Lande assaulted him while in Parks' office. Accordingly, Claim I against Parks is dismissed.

## CONCLUSION

Defendants' Motion for Partial Summary Judgment (ECF No. 28) is GRANTED, and the following claims are DISMISSED: Claim II in its entirety; Claim I against ODOC, SRCI, and defendants Lande and Olive in their official capacities; and claims against defendant Parks. Plaintiff's sole remaining claim is Claim I against defendants Lande and Olive in their individual capacities.

IT IS SO ORDERED.

DATED this 8 day of August, 2017.

_____
Ann Aiken
United States District Judge

6 -    OPINION AND ORDER